**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1637-24

SADOT COUNCIL,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

       Submitted December 10, 2025 – Decided December 23, 2025

       Before Judges Currier and Jablonski.

       On appeal from the New Jersey Department of Corrections.

       Sadot Council, self-represented appellant.

       Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Sadot Council appeals from a final decision of the Department of Corrections (DOC) denying his lost-property claim concerning a television that he purchased when he was an inmate at South Woods State Prison (SWSP). After careful review, we reverse the decision and remand for the DOC to conduct an investigation in accordance with its regulations regarding a claim for lost property.

## I.

On May 22, 2023, appellant, while incarcerated at SWSP, purchased a television from the commissary. In July 2023, he was transferred to Bayside State Prison (BSP). When he arrived, he realized his television and other, less expensive personal items were missing. In August, he filed a lost property claim with SWSP for his missing television. That claim included the sales receipt confirming the purchase of the television.

Since appellant was at that time assigned to BSP, the claim was transferred there in November 2023. A claim investigator at BSP denied the claim concluding "investigation revealed no negligence on the part of [BSP]." The investigator detailed his conclusion as follows:

> Outgoing/Incoming Property Inventory sheets between SWSP and BSP reveal that a television was not inventoried, therefore no negligence can be had on BSP. With his claim submission, [appellant] did

include an inventory sheet, however there is no [c]ustody, [i]nstitutional, or any other definitive entries that would deem this a factual document. Upon reaching out to the property department at SWSP, they were unable to locate [appellant's] television. While the inmate does have a receipt of purchase, what the inmate chose to do with his property while assigned to SWSP is purely speculative and the fact remains that there is no proof of the claimed item remaining at SWSP. Based on the above information, I recommend dismissal of this claim at BSP and leave the decision to the committee if this is to be returned to SWSP for further review.

W. Shorter, the Assistant Superintendent at BSP denied the claim in December. Appellant states he was notified of that action in January 2024.

Appellant resubmitted his claim to SWSP in February 2024. Sgt. R. D'Agostino, on a "Claims Processing and Corrective Action Form" checked these boxes to substantiate his rejection of that new claim:

Investigation revealed no negligence on the part of the Correctional Facility.

Inmate did not exercise care to prevent loss, damage or destruction.

Sufficient information was not supplied by the inmate . . . .

In a "Special Custody Report," Sgt. D'Agostino concluded:

[Appellant] submitted a claim stating that his TV and J-PAY tablet have been lost when transferred multiple times between SWSP and BSP. Upon investigation, I

3

request this claim be DENIED. I find no evidence presented by the inmate indicating negligence on the part of [SWSP]. Inmates retain personal property at their own risk. As is known, [SWSP] is completely double bunked where as an inmate is removed from population or transferred for whatever reason, his cell cannot be locked. Any property left unsecured by an inmate is at risk. This does not constitute negligence on custody's part. The burden of proof falls on the inmate and without any evidence presented it does not fit Lost Property Claim Criteria. The inmate has also failed to provide documentation of ownership/possession of the property that is listed on the claim. The inmate must send supporting documentation i.e. inventory sheets, purchase receipts, etc. These items must be submitted along with the claim. See SWSP Handbook page 87 section "S". Failure to comply with this requirement may cause the claim to be denied. Inmate was transferred to NSP 3/16/2024.

SWSP Assistant Superintendent H. Johnson denied the claim.

Appellant raises these issues for our consideration on appeal:

POINT I

THE CLAIM INVESTIGATOR FOR [BSP] ARBITRARILY DENIED [APPELLANT]'S PROPERTY CLAIM BECAUSE THE [APPELLANT]'S TELEVISION WAS NOT LISTED ON THE INVENTORY SHEET[.]

POINT II

THE ADMINISTRATION AND CLAIMS COMMITTEE ARBITRARILY DENIED [APPELLANT']S PROPERTY CLAIM WHEN THE

4                                                A-1637-24

EVIDENCE TO SUPPORT PROPERTY LOSS WAS SUFFICIENT TO SUPPORT [THE] PROPERTY [LOSS CLAIM][.]

POINT III

THE [SWSP] ADMINISTRATION AND CLAIMS COMMITTEE ARBITRARILY DENIED [APPELLANT']S PROPERTY CLAIM WHEN THE EVIDENCE TO SUPPORT PROPERTY LOSS WAS SUFFICIENT TO SUPPORT PROPERTY CLAIM REIMBURSEMENT[.]

## II.

Our review of agency actions is limited and deferential. In re Stallworth, 208 N.J. 182, 194 (2011). To "reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole.'" Ibid. (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

Central to an inmate's property complaint is an inquiry that requires the DOC to investigate the allegations according to N.J.A.C. 10A:2-6.1(b):

> The investigation conducted . . . shall consist of, but not be limited to:
>
> 1. Obtaining statements from the inmate, witnesses and correctional facility staff; and

5

2. Verifying that the inmate was authorized to have and did in fact, possess the personal property named in the claim.

3. Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation such as the IIS-1M Inmate Inventory Sheet maintained by the correctional facility (see N.J.A.C. 10A:1-11).

When deciding an inmate's property claim, the DOC must consider these "decision making factors":

1. Whether the investigation revealed any neglect by the correctional facility;

2. Whether the care was exercised by facility staff preventing the property loss, damage, or destruction;

3. Whether the inmate exercised care in preventing property loss, damage, or destruction;

4. Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;

5. Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;

6. Whether the inmate submitted the claim in a timely manner;

7. Whether the loss or damage exceeds authorized amounts of correctional facility personal property limits;

6

8. Whether the personal property is considered contraband; and

9. Whether other reviewers recommended denial of the claim and the reasons therefor.

[N.J.A.C. 10A:2-6.2(a)(1) to (9).]

The record does not demonstrate the DOC followed its own regulations to investigate the claim properly or completely. The documents submitted on appeal lack any statements from appellant, DOC staff, or other relevant witnesses as specifically required by N.J.A.C. 10A:2-6.1(b). Further, the DOC's decision is comprised exclusively of conclusory statements. For example, the assertion that SWSP is "completely double bunked so that when inmates are removed from population or transferred . . . his cell cannot be locked," and that any property left unsecured is at risk, lacks factual basis due to the absence of an investigation. Similarly, the decision is based on an incorrect premise - that appellant failed to produce proof of ownership of the television, where he previously provided receipts in his first application, which satisfied this requirement. The lack of a substantive investigation in totality renders the required analysis under N.J.A.C. 10A:2-6.2(a)(1) to (9) infirm.

Therefore, because the DOC failed to conduct the meaningful investigation required by its own regulations, we conclude its actions were

7

arbitrary and capricious. Cnty. of Monmouth v. Dep't of Corr., State of New Jersey, 236 N.J. Super. 523, 525 (App. Div. 1989) (quoting Morales v. Cnty. of Hudson, 236 N.J. Super. 406, 421 (App. Div. 1989)) ("Action by a State agency in contravention of State statutes and its own regulations is per se arbitrary and capricious because it violates express or implied legislative policy.").

Given these deficiencies, we reverse the final agency decision and remand this matter for the DOC to review appellant's claim, including conducting the required interviews of all relevant parties, to ensure full compliance with N.J.A.C. 10A:2-6.1(b)(1).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division